OPINION
Plaintiff-appellant Anthony J. Wagner appeals from a summary judgment and a judgment on the pleadings rendered against him on his complaint for conversion of property. Wagner contends that the trial court erred by granting summary judgment and judgment on the pleadings.
We conclude that the record reveals that a genuine issue of fact exists precluding summary judgment. We further conclude that the pleadings do not support the trial court's decision to render judgment on the pleadings, pursuant to Civ.R. 12(C). Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I
On April 12, 1995, the Darke County Sheriff's Department executed a search warrant at Wagner's residence. During the search, members of the Sheriff's Department observed various motorcycle parts. The parts were seized as contraband pursuant to R.C. 4549.62(D), which makes it illegal to knowingly possess any vehicle part that has a vehicle identification number ("VIN") that has been removed, defaced, covered, altered or destroyed. Wagner was not charged with any crime relating to the motorcycle parts. However, Wagner was indicted for, and convicted of, one count of drug abuse. State v. Wagner (April 22, 1998), Darke C.P. No. 95-CR-11163, unreported. Apparently Wagner was incarcerated in another county, on unrelated charges, when a plea of guilty was entered on his behalf in the Darke County case. The guilty plea was later withdrawn, and the case against Wagner was subsequently dismissed.
On September 11, 1996, the Darke County Prosecutor made an oral application to the trial court to dispose of the motorcycle parts that had been seized at Wagner's residence. The request was granted on the same date. In granting the request, the trial court stated:
 The Court finds that the vehicle identification number has been ground off the motorcycle frame and that it is, therefore, unlawful for said vehicle to be operated or owned. Further, the Court finds that there has been no motor vehicle registered in the Defendant's name, and therefore, it appears said motor vehicle is unlawfully in the Defendant's possession.
In July, 1998, Wagner filed a motion in the criminal case seeking the return of the motorcycle parts. His motion was based upon the claim that he was not given notice of the forfeiture proceedings, and was therefore denied the opportunity to contest the forfeiture. Wagner also filed an action in the Darke County Court of Common Pleas seeking reimbursement for the cost of the motorcycle parts as well as punitive damages. The complaint, filed August 26, 1998, named only the Darke County Sheriff's Office as a defendant.
On October 28, 1998, the trial court entered a judgment entry in the criminal case, which stated, in relevant part, as follows:
 * * * [The motorcycle parts] were regarded as likely stolen since the motorcycle frame contained no VIN number.
As to the motorcycle parts, the Court agrees that proper procedures were not followed in the forfeiture action. The Defendant is entitled to contest the forfeiture and to prove that the items are not contraband. At this date, it is unknown if the parts still exist. If the parts have not been destroyed, they should be held until the Defendant's prison release. If the parts do not exist, the Defendant may bring another action to recover the value of the non-contraband parts upon his release.
In December, 1999, Wagner filed a motion for summary judgment in the civil case. The Sheriff's Department filed a cross-motion for summary judgment. On March 23, 2000, Wagner filed an amended complaint in which he named as defendants, William Walker, William Grice and John Hein.[1]. The defendants filed their answer. Thereafter, Walker, Hein and Grice filed motions for judgment on the pleadings based upon their contention that the applicable statute of limitations had expired and that Wagner had failed to state a claim upon which relief could be granted.
The trial court granted summary judgment in favor of the Sheriff's Department. Its ruling was premised upon the finding that the motorcycle parts were contraband, and that Wagner was not, therefore, entitled to the return of the property, regardless of any deficiency at the forfeiture hearing. The trial court also granted the motion of the other defendants for judgment on the pleadings. That ruling was based upon the finding that the four-year statute of limitations on Wagner's claim, which it found to have begun to run in April, 1995, had expired prior to the filing of the amended complaint naming Hein, Grice and Walker as defendants. From this judgment, Wagner appeals.
 II
Wagner's First Assignment of Error is as follows:
 THE LOWER COURT ERRED, AND/OR ABUSED IT'S [SIC] DISCRETION WHEN IT GRANTED THE DEFENDANT'S-APPELLEE'S SUMMARY JUDGMENT BASED ON THE COURT'S FINDING THAT THE PARTS SEIZED WERE CONTRABAND, WITHOUT HAVING AFFORDED THE PLAINTIFF-APPELLANT HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS TO A HEARING AND NOTICE OF FORFEITURE PRIOR TO ORDERING THE ITEMS FORFEITED. THE PLAINTIFF-APPELLANT'S CONSTITUTIONAL RIGHTS AS SECURED BY THE FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION HAVE BEEN VIOLATED.
Wagner contends that the trial court erred by granting summary judgment in favor of the Sheriff's Department. He argues that the evidence creates a genuine issue of material fact whether the forfeited parts were contraband.
The standard of review in summary judgment cases is well-established. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370, citation omitted. Our review of the trial court's decision isde novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588. We have reviewed the evidence in this case, and we conclude that the trial court erred by rendering summary judgment.
The trial court rendered summary judgment based upon its conclusion that the motorcycle parts were contraband. However, that conclusion was based entirely upon the findings set forth in the court orders entered in September, 1996, and in October, 1998, wherein the trial court in the criminal case stated that the VIN's had been "ground off" and that the "parts were likely stolen" because the "frame contained no VIN number."
We cannot agree. First, the September, 1996 order, which found that the numbers had been ground off, was effectively set aside by the October, 1998 order. Second, we find the portion of the October, 1998 order that states that the parts were regarded as "likely stolen" is merely dictum. One of the primary purposes for the 1998 order was to recognize that proper forfeiture procedure had not been followed, because Wagner had not had notice and an opportunity to be heard. Another purpose was to afford Wagner an opportunity to contest the forfeiture and to prove that the items were not contraband. Clearly, the 1998 order recognized the possibility that some of the forfeited parts might not be contraband. Therefore, we conclude that it was error for the trial court in the civil case to base its finding that the parts were contraband upon either the 1996 or the 1998 order.
The Sheriff's Department argues that Wagner's answers to its requests for admissions conclusively establish that he is unable to meet his burden of proof, established in the 1998 order from which he did not appeal, that the parts were not contraband. We have reviewed the requests for admissions, as well as Wagner's answers thereto, and do not find them to be dispositive of the issue. Wagner specifically denied that "the VIN on the motorcycle frame and engine were no longer present or legible," at the time the search warrant was executed. This denial could be taken to mean that there was a legible VIN on the frame and engine at the time the search warrant was executed, but it could also be taken to mean, as Wagner now claims was the fact, that there had never been a VIN on the frame and engine, because it was manufactured without a VIN.
Based upon the record before us, we conclude that the trial court erred by finding that the motorcycle parts were contraband, and that there is a genuine issue of material fact whether the parts had removed, defaced, covered, altered or destroyed VIN's. Accordingly, Wagner's First Assignment of Error is sustained.
 III
Wagner's Second Assignment of Error provides:
 THE LOWER COURT ERRED, AND/OR ABUSED IT'S DISCRETION WHEN IT RULED THAT THE PLAINTIFF-APPELLANT'S ACTION WAS BARRED BY THE STATUTE OF LIMITATIONS. THE PLAINTIFF-APPELLANT'S CONSTITUTIONAL RIGHTS AS SECURED TO HIM BY THE FIRST, FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION HAVE BEEN, AND ARE BEING, VIOLATED.
Wagner contends that the trial court erred by granting judgment in favor of Hein, Grice and Walker, because his complaint was not barred by the applicable statute of limitations.
Civ.R. 12(C) provides that a party may move for judgment on the pleadings after the pleadings are closed and within such time as not to delay the trial. In ruling on a motion made pursuant to Civ.R. 12(C), a court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Hester v. Dwivedi (2000), 89 Ohio St.3d 575,577.
The applicable statute of limitations, R.C. 2305.09, provides that an action for "the recovery of personal property, or for taking or detaining it" shall be brought within four years after the cause thereof accrued. The trial court found, and the defendants argue, that Wagner's cause of action accrued on April 12, 1995, when the parts were seized during the execution of the search warrant. Wagner contends that the cause of action did not accrue until September, 1996, on the date when the order of forfeiture was entered. We note that Wagner's complaints appear to state two causes of action — improper seizure of property and improper forfeiture of that property. We conclude, with regard to both claims, that the trial court erred by granting judgment on the pleadings.
The original complaint states that the motorcycle parts were seized on April 12, 1995. Therefore, assuming that Wagner became aware of the seizure on the date that it actually occurred, a fact not addressed by the pleadings, the statute would have begun to run on that date. It is possible, however, that Wagner did not become aware of the seizure of his property until the date that the forfeiture order was entered — September 11, 1996. Therefore, Wagner would have had until September, 2000 to file his complaint. Since we cannot tell from the pleadings when Wagner became aware of the seizure, and since we must make all reasonable inferences in his favor, we find that the pleadings do not support the claim that the statute of limitations bars his claim against Hein, Grice and Walker.[2]
With regard to Wagner's claim that he is entitled to damages for the improper forfeiture of his property, there can be no doubt that both complaints were filed well within the appropriate time limits.
Therefore, Wagner's Second Assignment of Error is sustained.
 IV
Both of Wagner's Assignments of Error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 ________________ FAIN, J.,
GRADY, P.J., and BROGAN, J., concur.
[1] Grice and Walker were members of the Sheriff's Department involved in the execution of the search warrant. John Hein was the Darke County Prosecutor, who sought the forfeiture of the motorcycle parts. Hein was later elected Judge of the Darke County Court of Common Pleas, a position he currently holds. Judge Hein has, of course, recused himself in this case.
[2] Even if Wagner was aware of the seizure as of the date that it occurred, query whether the statute of limitations was tolled while the order of forfeiture was in effect, in view of the fact that Wagner had no legally enforceable interest in the property while the order of forfeiture was in effect. We need not decide this question now.